

2:23CV4

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

FEB - 9 2023

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

Clerk
U.S. District Court
Western District of Virginia – Abingdon Division
180 W Main Street, Room 104
Abingdon, VA 23210

      RE:    BEVERLY GRIGSBY VS. WALMART, INC.
            CASE NO.: CL23-53

Dear Clerk:

    Pursuant to the Order of February 1, 2023, enclosed please find copies of the documents contained in our case file.

    Please contact our office if you should have any questions.

                           Sincerely,

                           April Huff
                           Deputy Clerk

www.courtbar.org

206 E. Main Street
P.O. Box 1248
Wise, VA 24293-1248

(276) 328-6111
clerk@courtbar.org

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| BEVERLY GRIGSBY, | ) |
| | ) |
| Plaintiff(s), | ) Case No. 2:23CV4 |
| | ) State Court No. CL23-53 |
| v. | ) |
| | ) **O R D E R** |
| WALMART, INC., | ) |
| | ) |
| Defendant(s). | ) |

This case was recently removed from the Circuit Court for Wise County to the United States District Court for the Western District of Virginia at Abingdon. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 180 W. Main Street, Room 104, Abingdon, VA 24210, or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Wise County.

ENTERED: February 1, 2023

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy of
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed
By:
Deputy Clerk
Laura A. Austin, Clerk of Court

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. ..........................................................
(CLERK'S OFFICE USE ONLY)

................ Wise County ................ ................ Circuit Court

Beverly Grigsby        v./In re:        Walmart, Inc.
PLAINTIFF(S)                            DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [x] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS

- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[ ] Damages in the amount of $ 500,000.00 ............................ are claimed.

1/9/23
DATE

*Anthony E Collins*
[ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR  [x] PLAINTIFF
                                                [ ] DEFENDANT

Anthony E. Collins, Esq.
PRINT NAME

P.O. Box 3465, Wise, VA. 24293
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

276-328-2433

EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/9/2023 2:37:08 PM

# COMMONWEALTH OF VIRGINIA



**SUMMONS – CIVIL ACTION**                           Case No. ...............................................
RULE 3:5; VA. CODE § 8.01-2

Wise County ............................................................................................ Circuit Court
206 East Main Street, Wise, VA. 24293
                                        ADDRESS

TO:

Walmart, Inc.
C.T. Corporation System
4701 Cox Rd. Ste. 285
Glen Allen, VA. 23060-6808

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

................................................................          _____ **Clerk**
                 **DATE**

                                         **by** _____
                                                              **DEPUTY CLERK**

**Instructions:** ...........................................................................................................................................

.................................................................................................................................................................

.................................................................................................................................................................

**Hearing Official:** ..............................................................................................

FORM CC-1400 MASTER 10/13

VIRGINIA:

## IN THE CIRCUIT COURT FOR WISE COUNTY

BEVERLY GRIGSBY,

      Complainant

V                        Case No. _____

WALMART, INC.
Serve: C T Corporation System
      4701 Cox Rd. Ste. 285
      Glen Allen, VA.23060-6808
      USA

      Defendant


## COMPLAINT


    COMES NOW your Complainant, Beverly Grigsby, by counsel, and respectfully represents to this Honorable Court as follows:

    1. The Complainant is a resident of and domiciled in Wise County, Virginia.

    2. The Defendant is lawfully incorporated in the Commonwealth of Virginia and is engaged in and doing business in the city of Norton, Wise County, Virginia.

    3. At all times mentioned herein specifically on or about August 29, 2021, the Defendant maintained and operated a retail business open to the general public.

    4. On August 29, 2021, the Complainant entered the Defendant's place of business as a customer and invitee for the purpose of purchasing items marketed by the Defendant.

    5. On August 29, 2021, upon completion of shopping, the Complainant was approaching the self-checkout area of Defendant's business. While walking toward the self-checkout register, Complainant slipped in a puddle of water and/or other slippery substance that had puddled on the

floor causing Complainant to fall onto the floor sustaining serious injury. The slippery substance on the floor rendered the same dangerous as a passage way for Complainant and all other shoppers and customers.

6. The accident and resulting injuries to Complainant were caused solely by the negligence of the Defendant and/or its employees and agents acting within the course and scope of their employment with the Defendant, without any contributory negligence on behalf of the Complainant.

7. The Defendant had a duty to Complainant, other customers, and invitees to maintain its business premises and the common shopping areas, including the self-checkout aisle, in a reasonably safe condition free of any dangerous and/or slippery substances that were likely to and reasonably foreseeable to accumulate.

8. The Defendant breached its duty to the Complainant and/or other similarly situated customers and invitees and was negligent as hereinafter described.

9. The negligence of the Defendant at the above time and place among other things consisted of the following:

a) in carelessly and negligently permitting and allowing a slippery substance to collect and remain on the floor of the aisle and/or the lane of the store through which Complainant was walking;

b) in carelessly and negligently failing to remove the slippery substance prior to Complainant walking through and slipping on the same;

c) in failing properly to maintain the floors of the Defendant's store and specifically the floor of the area of the accident in a clean and safe condition for all customers and invitees entering upon, and exiting Defendant's store; and

d) in failing to properly and adequately supervise and oversee the Defendant's store to prevent the collection of the slippery dangerous substance which caused the Complainant to fall.

10. The Defendant to the best of Complainant's information and belief had actual knowledge that the slippery substance had collected on the floor prior to Complainant's fall, and therefore was aware that the floor was rendered dangerous to customers and others within the premises like Complainant. If the Defendant lacked actual knowledge of the slippery substance, and the hazardous condition caused thereby had existed for a period of time prior to Complainant falling, then the Defendant in the exercise of due care could and should have had knowledge and notice of the slippery floor.

11. As a direct and proximate result of her fall, Complainant has been forced to incur substantial medical and hospital bills in and effort to be cured of her injury; has suffered and continues to suffer severe physical pain and mental anguish; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

WHEREFORE, the Complainant, Beverly Grigsby, hereby moves this Court for judgement against the Defendant, in the amount of $500,000.00, and such other relief as the nature of this case may require.

BEVERLY GRIGSBY
By Counsel

ANTHONY E. COLLINS, Esq.
Counsel for Complainant
P.O. Box 3465
Wise, VA. 24293
(276) 328-2433

Receipt : 2300000189

*Page 1 of 1*

COURT ADDRESS:
P.O. BOX 1248
WISE, VA 24293
PHONE # :276-328-6111

OFFICIAL RECEIPT
WISE COUNTY CIRCUIT
CIVIL

DATE : 01/09/2023    TIME : 14:59:04
RECEIPT # : 2300000189    TRANSACTION # : 23010900022
CASHIER : DSJ    REGISTER # : F834
CASE COMMENTS : GRIGSBY, BEVERLY v. WALMART, INC
SUIT AMOUNT : $500,000.00
ACCOUNT OF : GRIGSBY, BEVERLY
PAID BY : GRIGSBY, BEVERLY
CREDIT/DEBIT CARD : $328.64
DESCRIPTION 1 : COM:COMPLAINT - CATCH-ALL
2 : PLAINTIFF: GRIGSBY, BEVERLY
3 : NO HEARING SCHEDULED

CASE # : 195CL2300005300

FILING TYPE : COM

PAYMENT : FULL PAYMENT

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 049 | WRIT TAX (CIVIL) | $25.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 |
| 123 | LEGAL AID SERVICES | $9.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 |
| 206 | SHERIFF FEES | $12.00 |

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 219 | LAW LIBRARY | $4.00 |
| 228 | COURTHOUSE CONSTRUCTION FEE (CHCF) | $3.00 |
| 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 304 | CIVIL FILING FEE (LAW & EQUITY) | $240.00 |
| 426 | PAPER SUBMISSION/COPY FEE | $5.00 |
| 407 | CONVENIENCE FEE | $12.64 |

TENDERED : $    328.64

AMOUNT PAID : $    328.64

CLERK OF COURT : J. JACK KENNEDY, JR.

PAYOR'S COPY

RECEIPT COPY 1 OF 2

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL 23-53

Wise County ................................................................................................ Circuit Court
206 East Main Street, Wise, VA. 24293
ADDRESS

TO:

Walmart, Inc.
C.T. Corporation System
4701 Cox Rd. Ste. 285
Glen Allen, VA. 23060-6808

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

1/9/23
DATE

_____ Kennedy, Jr., Clerk _____ Clerk

by _____ D. Hall _____
DEPUTY CLERK

Instructions: .....................................................................................................................................................................

.....................................................................................................................................................................

.....................................................................................................................................................................

Hearing Official: ..............................................................................................

FORM CC-1400 MASTER 10/13

# COMMONWEALTH OF VIRGINIA

WISE CIRCUIT COURT
RECEIVED AND FILED
Jan. 28, 20 23
Time 10:57
By D. Hall
J. Jack Kennedy, Jr. Clerk      Deputy Clerk

## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL23-53

Wise County _____ **Circuit Court**
206 East Main Street, Wise, VA. 24293
<span>ADDRESS</span>

TO:

Walmart, Inc. 2680106
C.T. Corporation System
4701 Cox Rd. Ste. 285
Glen Allen, VA. 23060-6808

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

1/9/23
DATE

J. Jack Kennedy, Jr., Clerk _____ **Clerk**

by _____ D. Hall _____
DEPUTY CLERK

Instructions: ................................................................................................................................

................................................................................................................................

................................................................................................................................

Hearing Official: ................................................................................................

FORM CC-1400 MASTER 10/13

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/9/2023 2:32:08 PM

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR WISE COUNTY

BEVERLY GRIGSBY,

     Complainant

V                   Case No. CL 23- 53

WALMART, INC.
Serve: C T Corporation System
     4701 Cox Rd. Ste. 285
     Glen Allen, VA.23060-6808
     USA

     Defendant

## COMPLAINT

COMES NOW your Complainant, Beverly Grigsby, by counsel, and respectfully

represents to this Honorable Court as follows:

1. The Complainant is a resident of and domiciled in Wise County, Virginia.

2. The Defendant is lawfully incorporated in the Commonwealth of Virginia and is

engaged in and doing business in the city of Norton, Wise County, Virginia.

3. At all times mentioned herein specifically on or about August 29, 2021, the Defendant

maintained and operated a retail business open to the general public.

4. On August 29, 2021, the Complainant entered the Defendant's place of business as a

customer and invitee for the purpose of purchasing items marketed by the Defendant.

5. On August 29, 2021, upon completion of shopping, the Complainant was approaching

the self-checkout area of Defendant's business. While walking toward the self-checkout register,

Complainant slipped in a puddle of water and/or other slippery substance that had puddled on the

floor causing Complainant to fall onto the floor sustaining serious injury. The slippery substance on the floor rendered the same dangerous as a passage way for Complainant and all other shoppers and customers.

6. The accident and resulting injuries to Complainant were caused solely by the negligence of the Defendant and/or its employees and agents acting within the course and scope of their employment with the Defendant, without any contributory negligence on behalf of the Complainant.

7. The Defendant had a duty to Complainant, other customers, and invitees to maintain its business premises and the common shopping areas, including the self-checkout aisle, in a reasonably safe condition free of any dangerous and/or slippery substances that were likely to and reasonably foreseeable to accumulate.

8. The Defendant breached its duty to the Complainant and/or other similarly situated customers and invitees and was negligent as hereinafter described.

9. The negligence of the Defendant at the above time and place among other things consisted of the following:

a) in carelessly and negligently permitting and allowing a slippery substance to collect and remain on the floor of the aisle and/or the lane of the store through which Complainant was walking;

b) in carelessly and negligently failing to remove the slippery substance prior to Complainant walking through and slipping on the same;

c) in failing properly to maintain the floors of the Defendant's store and specifically the floor of the area of the accident in a clean and safe condition for all customers and invitees entering upon, and exiting Defendant's store; and

d) in failing to properly and adequately supervise and oversee the Defendant's store to prevent the collection of the slippery dangerous substance which caused the Complainant to fall.

10. The Defendant to the best of Complainant's information and belief had actual knowledge that the slippery substance had collected on the floor prior to Complainant's fall, and therefore was aware that the floor was rendered dangerous to customers and others within the premises like Complainant. If the Defendant lacked actual knowledge of the slippery substance, and the hazardous condition caused thereby had existed for a period of time prior to Complainant falling, then the Defendant in the exercise of due care could and should have had knowledge and notice of the slippery floor.

11. As a direct and proximate result of her fall, Complainant has been forced to incur substantial medical and hospital bills in and effort to be cured of her injury; has suffered and continues to suffer severe physical pain and mental anguish; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

WHEREFORE, the Complainant, Beverly Grigsby, hereby moves this Court for judgement against the Defendant, in the amount of $500,000.00, and such other relief as the nature of this case may require.

BEVERLY GRIGSBY<br>
By Counsel

ANTHONY E. COLLINS, Esq.
Counsel for Complainant
P.O. Box 3465
Wise, VA. 24293
(276) 328-2433

NAME: WALMART, INC. - ATTN: C.T. CORPORATION SYSTEM

4701 COX RD  APT 285, HENRICO, VA. 23060

☐ PERSONAL SERVICE

☐ Being unable to make personal service, a copy was delivered in the following manner
☐ Delivered to person found in charge of usual place of business or employment during normal business hours and giving information to its purport

_____

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above

_____

☐ Posted on the common door of usual place of abode, address listed above. (Other authorized recipient not found.)
☐ Copy mailed to judgement debtor on date below after serving the garnishee unless a different date is shown below
☐ No envelope provided

_____

☐ Evicted          ☐ Not Evicted
☒ Served on registered agent  JULIE PARRISH
☐ Not Found

☐ No Levy Required

☐ Not in this jurisdiction

| ☐ NO EFFECTS FOUND | DEPUTY SHERIFF |
|---|---|
| | *W Cone* |
| | Cone, W. - Badge #7522 |
| 01/19/2023<br>Date | FOR: Sheriff Alisa A. Gregory<br>Henrico County, Virginia |

Paper Number: 3680106

Court Case Number: CL23-53

Notes: SEE ATTACHED AUTHORIZATION

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous
corporations and similar entities. CT receives the process only in its capacity as a commercial
registered agent. The individuals designated below are employees of CT Corporation System
and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

PLEASE NOTE: The Code of Virginia §§ 13.1-634 provides in part:
    "Registered office and registered agent.
    A....
    B. The sole duty of the registered agent is to forward to the corporation at its last known
    address any process, notice or demand that is served on the registered agent."

*As such, neither CT Corporation System, nor its individual employees designated below, have
the duty or the ability to respond to any legal process, notice or demand that is served on CT's
clients.*

The following natural persons are designated in the office of the registered agent upon whom any
process, notice or demand may be served:

    Katie Bush               Teresa Brown              Julie Parrish

This authorization does not certify the receipt or acceptance of any specific process

Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first
duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and
belief.

Subscribed and sworn before me this 25th day of March, 2021.

Notary Public

# PennStuart

ABINGDON | BRISTOL | JOHNSON CITY | RICHMOND

208 E. Main St., Abingdon, VA 24210

PennStuart.com

W. Bradford Stallard

bstallard@pennstuart.com

D: 276 623 4404

F: 276 623 5524

January 31, 2023

**VIA E-FILE**

J. Jack Kennedy, Jr., Clerk
Wise County Circuit Court
206 East Main Street
P. O. Box 1248
Wise, VA 24293

RE:    Beverly Grigsby v. Walmart, Inc., et al.
Case No.:  CL23-53

Dear Mr. Kennedy:

I enclose for filing an Answer on behalf of the defendants in the above-styled case. By copy of this letter, I am mailing a copy of the enclosed to counsel of record.

Sincerely,

PENN, STUART & ESKRIDGE

By:  W. Bradford Stallard

WBS/cmr
Enclosure

cc:    Anthony E. Collins, Esq. (w/enclosure)

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 1:51:53 PM

VIRGINIA:

IN THE CIRCUIT COURT OF WISE COUNTY

| | | |
|---|---|---|
| BEVERLY GRIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL23-53 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Walmart, Inc. ("Walmart"), for its Answer to the Complaint, states as follows:

1.      Walmart is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.

2.      Walmart denies the allegations in paragraph 2.

3.      Responding to the allegations in paragraph 3, Walmart admits that its wholly owned subsidiary, Walmart Stores East, LP, operates a retail business open to the general public in Norton, Virginia, and was doing so on or about August 29, 2021. Walmart, Inc. denies that it operated a retail business on the date alleged.

4.      Responding to the allegations in paragraphs 4 and 5, Walmart is without sufficient knowledge or information to form a belief as to the truth of these allegations.

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 1:51:53 PM

5.    Responding to the allegations in paragraph 6, Walmart denies the allegations and demands strict proof thereof.

6.    Responding to the allegations in paragraph 7, Walmart admits that its subsidiary, Walmart Stores East, LP, had those duties imposed by law and no others. To the extent this admission is inconsistent with the allegations in paragraph 7, those allegations are denied.

7.    Walmart denies the allegations in paragraphs, 8, 9, and 9 (a) through (d) and demands strict proof thereof.

8.    Walmart denies the allegations in paragraphs 10 and 11 and demands strict proof thereof.

9.    Walmart denies all allegations not specifically admitted.

10.    Walmart denies being liable or indebted to the plaintiff in the amount sued for or any amount and denies the plaintiff is entitled to the relief sought.

11.    Walmart will rely upon all defenses available to it, developed during discovery and trial preparation and supported by the evidence, including but not limited to, contributory negligence, assumption of risk, and negligence of others.

WHEREFORE, Walmart moves the Court to dismiss the Complaint and for its costs expended.

WALMART STORES, INC.

By Counsel

Abingdon: 1203673-1
This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 1:51:53 PM

W. Bradford Stallard
  VSB No. 28149
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
bstallard@pennstuart.com

By _____
      W. Bradford Stallard

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been mailed to

Anthony E. Collins, Esq. P. O. Box 3464, Wise, Virginia 24293, counsel for plaintiff, this

31st day of January, 2023.

_____
      W. Bradford Stallard

Abingdon: 1203673-1
This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 1:51:53 PM

# PENNSTUART

W. Bradford Stallard

ABINGDON | BRISTOL | JOHNSON CITY | RICHMOND

208 E. MAIN ST., ABINGDON, VA 24210

PENNSTUART.COM

bstallard@pennstuart.com

D: 276 623 4404

F: 276 623 5524

January 31, 2023

**VIA E-FILE**

J. Jack Kennedy, Jr., Clerk
Wise County Circuit Court
206 East Main Street
P. O. Box 1248
Wise, VA  24293

RE:   Beverly Grigsby v. Walmart, Inc., et al.
        Case No.:  CL23-53

Dear Mr. Kennedy:

I enclose for filing a Notice of Filing of Notice of Removal, and a copy of a Notice of Removal, on behalf of the defendants in the above-styled case.  By copy of this letter, I am mailing a copy of the enclosed to counsel of record.

Sincerely,

PENN, STUART & ESKRIDGE

By:  W. Bradford Stallard

WBS/cmr
Enclosure

cc:   Anthony E. Collins, Esq. (w/enclosure)

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

VIRGINIA:

IN THE CIRCUIT COURT OF WISE COUNTY

BEVERLY GRIGSBY,                          )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          Case No. CL23-53
                                          )
WALMART, INC.,                            )
                                          )
          Defendant.                      )

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, please take notice that Defendant, Walmart, Inc., (collectively "Walmart"), has removed the above-styled and numbered cause to the United States District Court for the Western District of Virginia, Big Stone Gap Division. A true and correct copy of the Notice of Removal is attached hereto.

The filing of this Notice effectuates removal of this case, and pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

WALMART, INC.

By Counsel

W. Bradford Stallard
 VSB No. 28149
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
bstallard@pennstuart.com

By _____
     W. Bradford Stallard

## CERTIFICATE OF SERVICE

I hereby certify that on January 31st, 2023, I have mailed a copy to of the

foregoing to:

        Anthony E. Collins, Esq.
        P. O. Box 3465
        Wise, VA  24293

_____
        W. Bradford Stallard

Abingdon: 1203738.1
This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| BEVERLY GRIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| WALMART, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446, defendants Walmart, Inc. ("Walmart"), files this notice of removal to remove this action from the Circuit Court of Wise County (State Court) to the United States District Court for the Western District of Virginia at Big Stone Gap, upon the following grounds:

       1.     Walmart is the sole defendant in this civil action. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

       2.     This controversy is between citizens of different states. The plaintiff is presently and was at the time the action was filed in State Court a citizen and resident of the Commonwealth of Virginia. Walmart, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas.

       3.     This case is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1332, and is removable to this Court pursuant to 28 U.S.C. § 1441.

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

4.     A Complaint filed in State Court was served upon Walmart on or about January 19, 2023. A copy of the Complaint is attached hereto as Exhibit A. Walmart has filed an Answer in State Court. A copy of the Answer is attached hereto as Exhibit B. No other pleadings have been filed by either party prior to the filing of this Notice.

5.     Counsel for Walmart certifies that he has this day given written notice of the filing of this notice of removal to the plaintiff, by counsel, and to the clerk of the State Court. A copy of the Notice is attached as Exhibit C.

WHEREFORE, Walmart gives this notice of removal in accordance with 28 U.S.C. § 1446.

WALMART, INC.

By Counsel

W. Bradford Stallard
VSB No. 28149
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
bstallard@pennstuart.com

By _/s/ W. Bradford Stallard_____
W. Bradford Stallard

2

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system and that I have mailed a

copy to

> Anthony E. Collins, Esq.
> P. O. Box 3465
> Wise, VA  24293

/s/ W. Bradford Stallard
W. Bradford Stallard

3

This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

VIRGINIA:

IN THE CIRCUIT COURT FOR WISE COUNTY

BEVERLY GRIGSBY,

    Complainant

V

                              Case No. CL 23-53

WALMART, INC.
Serve: C T Corporation System
       4701 Cox Rd. Ste. 285
       Glen Allen, VA 23060-6808
       USA

    Defendant

## COMPLAINT

COMES NOW your Complainant, Beverly Grigsby, by counsel, and respectfully

represents to this Honorable Court as follows:

    1. The Complainant is a resident of and domiciled in Wise County, Virginia.

    2. The Defendant is lawfully incorporated in the Commonwealth of Virginia and is

engaged in and doing business in the city of Norton, Wise County, Virginia.

    3. At all times mentioned herein specifically on or about August 29, 2021, the Defendant

maintained and operated a retail business open to the general public.

    4. On August 29, 2021, the Complainant entered the Defendant's place of business as a

customer and invitee for the purpose of purchasing items marketed by the Defendant.

    5. On August 29, 2021, upon completion of shopping, the Complainant was approaching

the self-checkout area of Defendant's business. While walking toward the self-checkout register,

Complainant slipped in a puddle of water and/or other slippery substance that had puddled on the

**EXHIBIT**

**A**

floor causing Complainant to fall onto the floor sustaining serious injury. The slippery substance on the floor rendered the same dangerous as a passage way for Complainant and all other shoppers and customers.

6. The accident and resulting injuries to Complainant were caused solely by the negligence of the Defendant and/or its employees and agents acting within the course and scope of their employment with the Defendant, without any contributory negligence on behalf of the Complainant.

7. The Defendant had a duty to Complainant, other customers, and invitees to maintain its business premises and the common shopping areas, including the self-checkout aisle, in a reasonably safe condition free of any dangerous and/or slippery substances that were likely to and reasonably foreseeable to accumulate.

8. The Defendant breached its duty to the Complainant and/or other similarly situated customers and invitees and was negligent as hereinafter described.

9. The negligence of the Defendant at the above time and place among other things consisted of the following:

a) in carelessly and negligently permitting and allowing a slippery substance to collect and remain on the floor of the aisle and/or the lane of the store through which Complainant was walking;

b) in carelessly and negligently failing to remove the slippery substance prior to Complainant walking through and slipping on the same;

c) in failing properly to maintain the floors of the Defendant's store and specifically the floor of the area of the accident in a clean and safe condition for all customers and invitees entering upon, and exiting Defendant's store; and

d) in failing to properly and adequately supervise and oversee the Defendant's store to prevent the collection of the slippery dangerous substance which caused the Complainant to fall.

10. The Defendant to the best of Complainant's information and belief had actual knowledge that the slippery substance had collected on the floor prior to Complainant's fall, and therefore was aware that the floor was rendered dangerous to customers and others within the premises like Complainant. If the Defendant lacked actual knowledge of the slippery substance, and the hazardous condition caused thereby had existed for a period of time prior to Complainant falling, then the Defendant in the exercise of due care could and should have had knowledge and notice of the slippery floor.

11. As a direct and proximate result of her fall, Complainant has been forced to incur substantial medical and hospital bills in and effort to be cured of her injury; has suffered and continues to suffer severe physical pain and mental anguish; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

WHEREFORE, the Complainant, Beverly Grigsby, hereby moves this Court for judgement against the Defendant, in the amount of $500,000.00, and such other relief as the nature of this case may require.

                                    BEVERLY GRIGSBY
                                    By Counsel

ANTHONY E. COLLINS, Esq.
Counsel for Complainant
P.O. Box 3465
Wise, VA. 24293
(276) 328-2433

VIRGINIA:

## IN THE CIRCUIT COURT OF WISE COUNTY

| | | |
|---|---|---|
| BEVERLY GRIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CL23-53 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

Walmart, Inc. ("Walmart"), for its Answer to the Complaint, states as follows:

1.      Walmart is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.

2.      Walmart denies the allegations in paragraph 2.

3.      Responding to the allegations in paragraph 3, Walmart admits that its wholly owned subsidiary, Walmart Stores East, LP, operates a retail business open to the general public in Norton, Virginia, and was doing so on or about August 29, 2021. Walmart, Inc. denies that it operated a retail business on the date alleged.

4.      Responding to the allegations in paragraphs 4 and 5, Walmart is without sufficient knowledge or information to form a belief as to the truth of these allegations.

EXHIBIT
*B*

5.    Responding to the allegations in paragraph 6, Walmart denies the allegations and demands strict proof thereof.

6.    Responding to the allegations in paragraph 7, Walmart admits that its subsidiary, Walmart Stores East, LP, had those duties imposed by law and no others. To the extent this admission is inconsistent with the allegations in paragraph 7, those allegations are denied.

7.    Walmart denies the allegations in paragraphs, 8, 9, and 9 (a) through (d) and demands strict proof thereof.

8.    Walmart denies the allegations in paragraphs 10 and 11 and demands strict proof thereof.

9.    Walmart denies all allegations not specifically admitted.

10.    Walmart denies being liable or indebted to the plaintiff in the amount sued for or any amount and denies the plaintiff is entitled to the relief sought.

11.    Walmart will rely upon all defenses available to it, developed during discovery and trial preparation and supported by the evidence, including but not limited to, contributory negligence, assumption of risk, and negligence of others.

WHEREFORE, Walmart moves the Court to dismiss the Complaint and for its costs expended.

WALMART STORES, INC.

By Counsel

W. Bradford Stallard
   VSB No. 28149
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
bstallard@pennstuart.com

By: _____
     W. Bradford Stallard


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been mailed to

Anthony E. Collins, Esq. P. O. Box 3464, Wise, Virginia 24293, counsel for plaintiff, this

_____ day of January, 2023.

                              _____
                              W. Bradford Stallard

Abingdon: 1203673-1
This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM

VIRGINIA:

IN THE CIRCUIT COURT OF WISE COUNTY

BEVERLY GRIGSBY,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Case No. CL23-53
                                    )
WALMART, INC.,                      )
                                    )
        Defendant.                  )

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, please take notice that Defendant, Walmart, Inc., (collectively "Walmart"), has removed the above-styled and numbered cause to the United States District Court for the Western District of Virginia, Big Stone Gap Division. A true and correct copy of the Notice of Removal is attached hereto.

The filing of this Notice effectuates removal of this case, and pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

WALMART, INC.,

By Counsel



W. Bradford Stallard
 VSB No. 28149
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
bstallard@pennstuart.com

By _____
        W. Bradford Stallard

## CERTIFICATE OF SERVICE

I hereby certify that on January 31st, 2023, I have mailed a copy to of the

foregoing to:

        Anthony E. Collins, Esq.
        P. O. Box 3465
        Wise, VA  24293

        W. Bradford Stallard

Abingdon: 1203738-1
This document received in the Wise Circuit Court Clerk's Office via electronic filing 1/31/2023 2:02:41 PM